**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: DAVID SCOTT CAMPBELL, | ) | Case No. 10-60197-LYN |
| | ) | |
| Debtor, | ) | |
| | ) | |
| WILMER E. MARSH and BETTY M. MARSH, | ) | Adv. No. 10-06053 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID SCOTT CAMPBELL, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM and ORDER**

This matter comes before the court on a motion for summary judgment filed by David Scott Campbell ("the Defendant"). Wilmer E. Marsh and Betty M. Marsh ("the Plaintiffs") oppose the motion. Also before the Court is the motion of the Plaintiffs for relief from the automatic stay to

1

permit them to proceed with their claims against the Defendant in state court.[1]

## *Jurisdiction*

This court has jurisdiction over these matters. 28 U.S.C. §§ 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this court may render a final order. This memorandum shall constitute the court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

## *Facts*

In the complaint the Plaintiffs allege the following facts.

The Debtor is the sole owner of David Campbell Construction Company ("Campbell Construction"), a Virginia Corporation that is engaged in the business of new home construction. The Debtors own residential real property in Greene County, Virginia ("the Real Property"). On or about March 4, 2008, the Plaintiffs entered into a contract ("the Contract") with Campbell Construction under which the Plaintiffs agreed to pay Campbell Construction $700,000.00 and Campbell Construction agreed to construct a house on the Real Property. The Contract also provides that "[s]ettlement shall take place . . . on or before the 30th day of October, 2008 . . ." The Plaintiffs assert that Campbell Construction would be deemed to be in default if it did not deliver the house by that date. The Defendant denies that assertion and further asserts that the closing date was continued to July of 2009.

The Plaintiffs assert that, as of May 26, 2009, they had paid Campbell Construction $689,144.03. On that date, the Plaintiffs sent a letter to Campbell Construction notifying it that

---

[1] The plaintiffs sought relief from the stay in their complaint.

it was in default.

As of June 2, 2009, three memoranda each claiming mechanics liens on the Real Property were filed with the Clerk of the Circuit Court for Greene County, Virginia.  The liens total $186,589.14 including one by Campbell Construction in the amount of $128,753.14.  The Plaintiffs further assert that Campbell Construction has failed to pay subcontractors for work performed and materials supplied in an amount totaling at least $159,510.86.

On May 26, On June 9, 2009, the Plaintiffs filed suit ("the Greene County Suit") with the Clerk of the Circuit Court for Greene County against Campbell Construction for breach of the Contract.  The Defendant answered and counterclaimed for the amount of the mechanics lien, asserting that the Contract had been changed to a cost plus contract.  The Plaintiffs deny this assertion.  David Campbell was eventually joined as a defendant in the Greene County Suit by amended complaint alleging that David Campbell, individually, had committed fraud upon the Plaintiffs.

On February 19, 2010, the Defendant filed a petition with the Clerk of this Court initiating a Chapter 7 bankruptcy case.  The Plaintiffs subsequently filed the above-styled adversary complaint asserting the same causes of action as in the Green County Suit as well as causes of under 11 U.S.C. § 523(a)(2),(4)&(6) seeking a declaration that the underlying debt is non-dischargeable.  The Defendant filed a motion to dismiss the complaint which he eventually converted to a motion for summary judgment that is now before this Court.

## *Discussion*

This matter comes before the Court on a motion for summary judgment filed by the Plaintiff.  Also before the Court is a motion for relief from the automatic stay to permit the

parties to return to state court to prosecute the state law claims.

It is appropriate to first consider the motion for relief from the stay. At the hearing on these matters, both parties expressed that they preferred that this matter be litigated in the Circuit Court for Greene County. Counsel for the Plaintiffs stated "Whether the Court rules on that here, decides not to rule at this time, refers the case back to Greene County Circuit Court for adjudication. Frankly, I would rather try the case in Greene County."[2] Counsel for the Defendant, in arguing that the Plaintiffs are required to obtain a judgment against Campbell Construction or pierce the corporate veil in order to prevail in this matter, stated "So we ask the Court to dismiss this case. And if the Marshes want to go back to Greene County Circuit Court and go after the corporation, we'll be prepared to defend them there. But this is not the right forum, you Honor."[3] It is concluded that both parties prefer to litigate the existence and amount of the debt underlying the dischargeability action in the state court.

Further, this Court concludes that it is appropriate to abstain from hearing this matter.

In determining whether to invoke discretionary abstention, courts have weighed twelve factors. Eastport Assoc. v. City of Los Angeles, 935 F.2d 1071, 1075 (9th Cir. 1991) citing Christianson v. Tucson Estates, Inc. (In re Tucson Estates, Inc.) 912 F.2d 1162, 1167 (9th Cir. 1990). Also see Fidelity National Title Insurance Company v. Franklin (In re Franklin), 179 B.R. 913, 928 (Bankr. E.D.Cal. 1995) and Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.), 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).

The twelve factors are "(1) the effect or lack thereof on the efficient administration of the

---

[2] Hr'g Tr. 14:5-9, September 20, 2010.

[3] Hr'g Tr. 10:19-23, September 20, 2010.

estate if a Court recommends abstention [or remand], (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties."  See Eastport, 935 F.2d at 1075-1076.

While all factors should be considered, the exercise is one of legal analysis, not accounting.  The "list serves to provide an intellectual matrix to guide the judge who considers abstention . . ." Franklin, 179 B.R. at page 928.

First, the court is to consider the impact on efficient administration of the bankruptcy estate.  In this case, the dispute was joined on June 9, 2009, when the Plaintiffs filed a complaint in the Circuit Court for Greene County.  It is concluded that the dispute will be resolved more quickly if the matter is heard in that court.

Second, the court should consider the extent to which state or federal law predominates over bankruptcy issues.  In this case, all causes of action except the issue of discharge are based on state law.  This factor weighs heavily in favor of abstention.

Third, the difficulty or unsettled nature of the applicable law is not a factor.

The fourth factor, the presence of a related proceeding in state court or another bankruptcy court. This matter was commenced in the Greene County Circuit Court more than seven months prior to the date on which the Defendant filed a bankruptcy petition. This factor weighs in favor of abstention.

The fifth factor is whether there is another basis for federal jurisdiction other than 28 U.S.C. § 1334. In this case there is none other than over the issue of dischargeability. As such this factor counsels for abstention.

The sixth factor is the legal proximity of the instant case to the parent proceeding. It is not a factor in this case. The seventh factor, the substance, rather than the form, of an asserted core proceeding, is not a factor in this case. The eighth factor, the feasibility of separating state court matters from the matters to be determined in this court, is not a factor. The ninth factor, the burden on the bankruptcy court's docket, is not a factor in this case. The tenth factor, the likelihood that removal of the matter was forum shopping, is not a factor. The eleventh factor, the existence of a right to a jury trial, is not a factor. The twelfth factor, the presence in the proceeding of non-debtor parties, is not a factor.

In summary, abstention is warranted in this case because the parties litigated the matter in state court for more than seven months before the petition was filed and because all of the causes of action, other than the dischargeability cause of action, are based exclusively on state law.

## **ORDER**

The parties are granted relief from the automatic stay imposed by 11 U.S.C. § 362(a) to commence or continue the prosecution of the underlying dispute against the Debtor in the Circuit Court for Greene County. To the extent necessary, the stay is also lifted to permit the Plaintiffs

to bring an action against Campbell Construction if they deem it appropriate or necessary. Neither party shall seek to collect on any judgment that may be entered by that Court without further order of this Court.   Upon the entry of any judgment by that Court, the parties, or one of them, shall file a copy of the judgment with this Court, at which time the issue of dischargeability shall be addressed, if necessary.

So ORDERED.

Upon entry of this memorandum and order the Clerk shall forward copies of this memorandum to George H. Dygert, Esq., and C. Connor Crook, Esq.

Entered on this 17th day of November, 2010.

_____
William E. Anderson
United States Bankruptcy Judge