**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: DAVID SCOTT CAMPBELL, | ) | Case No. 10-60197-LYN |
| | ) | |
| Debtor, | ) | |
| | ) | |
| WILMER E. MARSH and BETTY M. MARSH, | ) | Adv. No. 10-06053 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID SCOTT CAMPBELL, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM and ORDER**

This matter comes before this Court on its own motion to consider whether it should dismiss

the above-styled adversary proceeding which seeks a judgment declaring that the claim of Wilmer

E. Marsh and Betty M. Marsh ("the Plaintiffs") is non-dischargeable.  This Court concludes that

dismissal is appropriate because the Circuit Court for Green County has ruled that the Plaintiffs have

no claim against David Scott Campbell ("the Debtor" or "the Defendant").

*Jurisdiction*

This court has jurisdiction over these matters. 28 U.S.C. §§ 1334(a) and 157(a). This is a

core proceeding. 28 U.S.C. § 157(b)(2)(A)&(I).  Accordingly, this Court may render a final

order. This memorandum shall constitute the Court's findings of fact and conclusions of law as

directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr.

P. 9014(c) and 7052.

*Facts*

The Debtor is the sole owner of David Campbell Construction Company ("Campbell Construction"), a Virginia Corporation that is, or was, engaged in the business of new-home construction. The Plaintiffs own residential real property in Greene County, Virginia ("the Real Property"). On or about March 4, 2008, the Plaintiffs entered into a contract ("the Contract") with Campbell Construction under which the Plaintiffs agreed to pay Campbell Construction $700,000.00 and Campbell Construction agreed to construct a house on the Real Property.

A dispute arose between the parties. On June 9, 2009, the Plaintiffs filed suit ("the Greene County Suit") with the Clerk of the Circuit Court for Greene County against Campbell Construction for breach of the Contract. Campbell Construction answered and counterclaimed for the amount of a mechanics lien that had been placed on the Real Property, asserting that the Contract had been changed to a cost-plus contract. The Plaintiffs denied this assertion. Shortly thereafter, they  joined the Debtor as a defendant in the Greene County Suit by amended complaint alleging that he had committed fraud upon the Plaintiffs.

On February 19, 2010, the Defendant filed a petition with the Clerk of this Court initiating a Chapter 7 bankruptcy case. The Plaintiffs subsequently filed the above-styled adversary complaint under 11 U.S.C. § § 523(a)(2),(4) and (6). This Court granted relief from the stay imposed by 11 U.S.C. § 362(a) to allow the parties to continue the prosecution of the Green County Suit. The order further directed that, upon the entry of a judgment by the Circuit Court for Green County ("the Green County Judgment"), the parties, or one of them, must file a copy of that judgment with this Court, at which time the issue of dischargeability would be addressed.

The Green County Judgment has now been filed with the Clerk of this Court and it is appropriate to consider its ramifications.

### *Discussion*

Under the Green County Judgment, the Circuit Court dismissed the Plaintiffs' cause of action for fraud against the Debtor, but awarded the Plaintiffs $102,412.95 plus interest and attorneys' fees against Campbell Construction for breach of contract.

It appearing that the Plaintiffs now have no claim against the Debtor pursuant to the Green County Judgment, and it further appearing that the parties are bound in this case under the doctrine of claim preclusion by the Green County Judgment, it is concluded that the Plaintiffs have no allowable claim against the Debtor. Accordingly, the Plaintiffs non-dischargeability cause of action in the above-styled adversary proceeding is rendered moot and it is appropriate to dismiss the adversary complaint. Therefore, for good cause appearing, it is

### **O R D E R E D**

That the adversary complaint giving rise to adversary proceeding no. 10-06053 shall be, and hereby is, dismissed.

Upon entry of this memorandum and order the Clerk shall forward copies of this memorandum to George H. Dygert, Esq.,and Connor C. Crook, Esq.

Entered on this 30th day of September, 2013.

_____

Rebecca B. Connelly
United States Bankruptcy Judge